42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hilary BURSON, Plaintiff-Appellant,
v.
STATE OF NEVADA, DEPARTMENT OF HUMAN RESOURCES, WELFARE
DIVISION; Jerry Griepentrog, Individually and as Director
of Nevada Department of Human Resources; Linda Ryan,
Individually and as Administrator of Nevada Department of
Human Resources; Kay Zunino, Individually and as Chief of
Nevada Welfare Division, Child Support Enforcement; Mary
Mallison, Individually and as Reno Area Program Office
Manager of Nevada Welfare Division, Child Support
Enforcement; Karon Brewster, Individually and as Office
Supervisor of Nevada Welfare Division Child Support
Enforcement; Defendants-Appellees.
 No. 93-16405.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Dec. 6, 1994.
 
 1
 Before: ALARCON and HALL, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiff-Appellant Hilary Burson appeals from the order granting summary judgment in favor of Defendants, and from the final judgment. The crux of the action is whether Burson is entitled to due process in the grievance procedures. Burson argues that the grievance proceedings were de facto pre-termination hearings. Her primary argument is that she was deprived without due process of a property right in continued employment because (1) her termination was based on the same or similar circumstances as were her grievances, and (2) the grievances did not provide her with due process. For the reasons set forth, we affirm the trial court's decision.
 
 DISCUSSION
 
 4
 We review the trial court's grant of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). Similarly, we review a dismissal for failure to state a claim de novo. Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc).
 
 I.
 
 5
 Burson first argues that she was entitled to due process in the conduct of the grievance procedures. Thus, "we must determine whether [Burson] was deprived of a protected interest, and if so, what process was [her] due." Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1981).
 
 
 6
 It is undisputed that Burson was not an at-will employee and had a protected property right. The critical inquiry, however, is whether the grievance procedure deprived her of that right. Burson asserts that the grievance procedures are in reality pre-termination procedures, and therefore must provide due process.
 
 
 7
 Nevada Revised Statutes (NRS) Sec. 284.384, and its accompanying regulations, govern the grievance procedure at issue.[1] If the procedures are followed, no deprivation of any interest in employment can occur as a result of the grievance procedures. A grievance is not a precursor to termination, nor can it be used as a basis for termination. See Nevada Administrative Code (NAC) Sec. 284.662.
 
 
 8
 Thus, the dispositive issue is whether, despite NRS Sec. 284.384 and NAC Sec. 284.662, the State terminated Burson based on the grievances. However, assuming that the grievance procedures did not provide basic procedural due process, and assuming further that Burson produced sufficient evidence to create a genuine issue of material fact that she was discharged because of the grievance procedures, Burson's claim fails because she was provided with an adequate post-deprivation remedy.
 
 
 9
 The trial court correctly ruled that Sec. 1983 claims may not lie where adequate post-deprivation remedies are provided, if the deprivation has not occurred pursuant to an established state procedure. Hudson v. Palmer, 468 U.S. 517 (1984). Hudson extended Parratt v. Taylor, 451 U.S. 527 (1981) (negligent deprivation of property by state officials does not violate the Fourteenth Amendment if an adequate post-deprivation state remedy exists), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986), to intentional deprivations.
 
 
 10
 Burson attempts to distinguish Hudson by arguing that this case deals with an "established state procedure," namely the grievance procedures established pursuant to state statute. See Hudson, 468 U.S. at 532 n. 13 ("Parratt was dealing with a 'random and unauthorized act by a state employee and was not a result of some established state procedure.' ... Parratt ... 'was not designed to reach a situation' where the deprivation is the result of an established state procedure.") (quoting Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982) (internal brackets and ellipses omitted)). Admittedly, this case involves an established state procedure; however, that procedure precludes termination of employment as a possible result. See NRS Sec. 284.384; NAC Sec. 284.662. It is only if a state actor violates that procedure, i.e., acts in a "random and unauthorized" manner, that a deprivation could occur. If so, Hudson applies. Thus, the trial court correctly ruled that Burson's Sec. 1983 claims were barred by the existence of adequate post-deprivation remedies.
 
 II.
 
 11
 Burson argues that the individual defendants were not entitled to qualified immunity. Burson admits that if she has no Sec. 1983 claim, this issue is moot. Because we hold that she has no such claim, we need not rule on this issue.
 
 III.
 
 12
 Burson next argues that the court erred in dismissing her conspiracy claim. "To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns v. County of King, 883 F.2d 819, 821 (9th Cir.1989). At summary judgment, the trial court found that Burson produced no evidence of the existence of participation in a conspiracy. We also found no such evidence. Moreover, Burson failed to allege a class-based or racial discriminatory animus required under Sec. 1985(1) and (3). See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Thus, the court correctly dismissed Burson's conspiracy claims.
 
 IV.
 
 13
 Finally, Burson argues that the State waived its immunity from suit. In its order ruling on the Defendant's motion to dismiss the amended complaint, the trial court had dismissed claims against the State and all individual defendants in their official capacities. Burson cites NRS Sec. 41.031, in which the State waived its immunity in State courts. However, section 41.031 also provides: "[t]he State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States." The 11th Amendment bars actions against the State in federal court. The trial court correctly dismissed claims against the State and the defendants in their official capacities. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). The State and such defendants are not "persons" for purposes of Sec. 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1988).
 
 CONCLUSION
 
 14
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 It provides, in pertinent part:
 [G]rievance" means an act, omission or occurrence which a permanent employee feels constitutes an injustice relating to any condition arising out of the relationship between an employer and an employee, including, but not limited to, compensation, working hours, working conditions, membership in an organization of employees or the interpretation of any law, regulation or disagreement.
 NRS Sec. 284.384(5) (emphasis added).